ELIZABETH FARRELL OBERLIN, OSB No. 011107
Attorney at Law
E-mail address: oberlinlaw@hotmail.com
P.O. Box 3614
Hillsboro, OR 97123
Telephone: (503) 277-2087
Facsimile: (503) 357-4181

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ARMI B. SANCHEZ, | No. |
| Plaintiff, | COMPLAINT |
| v. | ORS 659A.030(1)(a) and (f); and 42 U.S.C. §2000e-2(a), (d), and §2000e-3(a). |
| PURINA ANIMAL NUTRITION, LLC and LAND O'LAKES, INC., a Minnesota corporation, | |
| Defendants. | DEMAND FOR JURY TRIAL |

NATURE OF THE ACTION

    1.  Plaintiff brings this action under Title VII, 42 USC § 2000e-2(a), (d), and §2000e-3(a) and under the State of Oregon analog statute, ORS 659A.030, to correct unlawful employment practices for race discrimination, hostile work environment, and retaliation.  This Court has jurisdiction of this action because of federal question jurisdiction, pursuant to 28 USC Section

Page - 1 - COMPLAINT

1331. This Court also has pendent jurisdiction over the state law claims.

Plaintiff was subjected to discrimination and a hostile work environment based on her race during the course of her employment with Defendants. Plaintiff complained about these issues and was subjected to retaliation, including termination of her employment, for having complained.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331, 1337 and 1343(a)(4).

3. This Court also has pendent jurisdiction over the state law claims. Defendants' actions occurred in the District of Oregon and, at all relevant times, the parties resided or did business in the State of Oregon.

PARTIES

4. Plaintiff started working for either one or both of Defendants in 2006. At all relevant times, Plaintiff is and was a resident and citizen of the State of Oregon.

5. Defendant Purina Animal Nutrition, LLC, ("Defendant Purina") is a foreign limited licensed company, which, at all material times, was licensed to do business in the State of Oregon and was an employer covered under Title VII and all relevant Oregon State Statutes at issue in this case. At all relevant times, all employees of Defendant Purina were acting within the course and scope of their employment.

6. Defendant Land O'Lakes, Inc. ("Defendant LOL") is a Minnesota corporation, which, at all material times, was licensed to do business in the State of Oregon and was an employer covered under Title VII and all relevant Oregon State Statutes at issue in this case. At all relevant

Page - 2 - COMPLAINT

ELIZABETH FARRELL OBERLIN
P.O. Box 3614
Hillsboro, OR 97123
(503) 277-2087

times, all employees of Defendant LOL were acting within the course and scope of their employment.

## ADMINISTRATIVE EXHAUSTION

7. Plaintiff filed a complaint with the Bureau of Labor and Industries ("BOLI") on or around November 26, 2013. That filing constitutes a joint filing with United States Equal Employment Opportunity Commission ("EEOC"), pursuant to a work sharing agreement between the EEOC and BOLI. BOLI provided Plaintiff with a right to sue notice on or around February 27, 2013. All procedures necessary to comply with applicable federal and state law were followed, and this action has been filed within the requisite 90-day limits set out in the notices of right to sue.

## STATEMENT OF FACTS

8. Plaintiff began working for either one or both Defendants on or around November 15, 2010. At the time of her termination, on or around October 30, 2012, Plaintiff was working as a Customer Service Representative/Billing Specialist.

9. Throughout Plaintiff's career with Defendants, she performed her job duties well.

10. During her employment with Defendants, Plaintiff was subjected to discrimination and harassment based upon her race (Asian/Pacific Islander). The discriminatory and harassing behavior began shortly after Plaintiff started working for Defendants.

11. Plaintiff's direct supervisor, Kay Loehr ("Loehr") (Area Customer Service Manager) regularly and frequently harassed Plaintiff about her race, commenting that she (Loehr) had lived in Hawaii and knows that "Filipinos are short." Some of Loehr's discriminatory and harassing

Page - 3 - COMPLAINT

comments include, but are not limited to, the following remarks: Loehr asked Plaintiff to remove her shoes and stand next to a co-worker so that Loehr could compare their heights: Loehr asked Plaintiff how tall she was; Loehr asked Plaintiff whether she needed a stool to reach items on shelves; Loehr joked about wanting to hire someone else short to keep Plaintiff company; and, Loehr said that when she was driving behind Plaintiff, she (Loehr) could not see over the top of Plaintiff's seat.

12. Loehr's racially-motivated comments about Plaintiff's height were frequently made in front of Plaintiff's co-workers and created a hostile work environment for Plaintiff.

13. On or around August 21, 2012, Plaintiff complained on-line to Human Resources about her co-worker, Jennifer Chiddix ("Chiddix") (Interim Lead, Customer Service), who had treated Plaintiff with hostility. Plaintiff informed Loehr that she (Plaintiff) had complained to Human Resources.

14. Loehr called Plaintiff and Chiddix into a meeting, during which she (Loehr) openly criticized Plaintiff for complaining to Human Resources about Chiddix.

15. On or around August 24, 2012, Plaintiff complained in writing to Loehr about the hostile work environment created by a co-worker, Olivia Bowman ("Bowman") (PNW Customer Service). Bowman had yelled at a non-Caucasian co-worker, calling her a "mixed-breed."

16. Approximately five days after Plaintiff complained to Loehr about this incident, Loehr and Lisa Kuempler ("Kuempler") (Human Resources) placed Plaintiff on a Performance Improvement Plan ("PIP") for alleged communication and performance problems. No one had ever brought the issues outlined in the PIP to Plaintiff's attention prior to this time. Earlier that

ELIZABETH FARRELL OBERLIN
P.O. Box 3614
Hillsboro, OR 97123
(503) 277-2087

month, Loehr had specifically complimented Plaintiff on her job performance, giving her two "high-fives" and stating that Plaintiff had done "such a great job" on her monthly reports. In the PIP, Loehr accused Plaintiff of being argumentative and combative and included an issue that had occurred months earlier.

17. Plaintiff successfully completed the on-line courses and the reports required in the PIP. Loehr acknowledged that Plaintiff had completed all of the required on-line courses for the PIP.

18. On or around October 30, 2012, Loehr and Kuempler terminated Plaintiff's employment, stating that she had not fulfilled the items listed on the PIP.

## FIRST CLAIM FOR RELIEF

(Title VII - Race Discrimination)

19. Plaintiff realleges and incorporates paragraphs 1 through 18, above.

20. Defendants have engaged in a practice and pattern of unlawful discrimination against Plaintiff on the basis of her race (Asian/Pacific Islander).

21. Defendants intentionally discriminated against Plaintiff based upon her race by creating a hostile work environment; by holding her to a different standard of performance expectations than her co-workers; and, by eventually terminating Plaintiff's employment despite her more than satisfactory performance.

22. As a direct and proximate result of Defendants' conduct, Plaintiff has been discriminated against on the basis of race in violation of Title VII. Plaintiff is entitled to a declaration that Defendants have violated those rights.

23. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer loss of employment opportunities, loss of income, and loss of employment benefits and is entitled to recover back pay with prejudgment interest and front pay in an amount to be determined at trial.

24. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer from anxiety, depression, emotional pain, suffering, humiliation, inconvenience, mental anguish, sleeplessness and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

25. Defendants' conduct was with malice or reckless indifference to Plaintiff's federally protected rights and punitive damages should be awarded against Defendants in an amount to be determined at trial.

26. Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to an award of attorney's fees, expert fees and costs incurred herein.

SECOND CLAIM FOR RELIEF

(Title VII Retaliation)

27. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 18, above.

28. As alleged above, in paragraphs 10 through 12, Plaintiff was subjected to discrimination and to a hostile work environment based on her race that adversely affected the terms and conditions of her employment. As alleged above, in paragraphs 13 through 18, Plaintiff engaged in protected activity pursuant to Title VII by opposing and resisting the racially discriminatory behavior and hostile work environment, and otherwise pursued her rights under

Title VII.  Defendants were well aware that Plaintiff had engaged in this protected activity.

29.  Defendants, through its agents, retaliated against Plaintiff because she engaged in the protected activities of complaining to Human Resources and to her supervisor about race discrimination and a hostile work environment.  Plaintiff's PIP and termination were motivated, in substantial part, because she had engaged in protected activity.

30.  As a direct and proximate result of Defendants' conduct, Plaintiff has been retaliated against in violation of Title VII.  Plaintiff is entitled to a declaration that Defendants have violated those rights.

31.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer loss of employment opportunities, loss of income, and loss of employment benefits and is entitled to recover back pay with prejudgment interest and front pay in an amount to be determined at trial.

32.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer from anxiety, depression, emotional pain, suffering, humiliation, inconvenience, mental anguish, sleeplessness and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

33.  Defendants' conduct was with malice or reckless indifference to Plaintiff's federally protected rights and punitive damages should be awarded against Defendants in an amount to be determined at trial.

34.  Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to an award of attorney's fees, expert fees and costs incurred herein.

## THIRD CLAIM FOR RELIEF

(State Claim - Race Discrimination)

35. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 18, above.

36. Each and every one of the particulars alleged in paragraphs 10 through 12, above, violates ORS 659A.030(1)(a) and (b) in that they constitute race discrimination and the creation of a hostile work environment.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer loss of employment opportunities, loss of income, and loss of employment benefits and is entitled to recover back pay with prejudgment interest in an amount to be determined at trial.

38. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer from anxiety, depression, emotional pain, suffering, humiliation, inconvenience, mental anguish, sleeplessness and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

39. Defendants acted with malice or with reckless indifference toward Plaintiff's statutorily protected rights. Accordingly, punitive damages should be awarded against Defendants in an amount to be determined at trial.

40. Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

//

//

## FOURTH CLAIM FOR RELIEF

(State Claim - Retaliation)

41. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 18, above.

42. Each and every one of the particulars alleged in paragraphs 13 through 18, above, violates ORS 659A.030(1)(a) and (b) in that they represent conduct, in substantial part, in retaliation for race discrimination and a hostile work environment.

43. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer loss of employment opportunities, loss of income, and loss of employment benefits and is entitled to recover back pay with prejudgment interest in an amount to be determined at trial.

44. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer from anxiety, depression, emotional pain, suffering, humiliation, inconvenience, mental anguish, sleeplessness and loss of enjoyment of life and is entitled to an award of compensatory damages in an amount to be determined at trial.

45. Defendants acted with malice or with reckless indifference toward Plaintiff's statutorily protected rights. Accordingly, punitive damages should be awarded against Defendants in an amount to be determined at trial.

46. Pursuant to ORS 659A.885(1) and 20.107, Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

//

//

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

WHEREFORE, Plaintiff prays for the relief requested in each of his claims for relief and for such other relief as the Court deems just and appropriate.

DATED this 22nd day of May, 2013.

    /s/ Elizabeth Farrell Oberlin
Elizabeth Farrell Oberlin, OSB# 011107
Attorney for Plaintiff