# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ARMI B. SANCHEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>PURINA ANIMAL NUTRITION, LLC[1];<br>and LAND O'LAKES, INC., a<br>Minnesota corporation;<br><br>        Defendants. | No. 03:13-cv-00864-HU<br><br>**FINDINGS & RECOMMENDATION ON MOTION TO DISMISS** |

_____

Elizabeth Farrell Oberlin
P.O. Box 3614
Hillsboro, OR 97123

    Attorney for Plaintiff


Ryan S. Gibson
Amy Joseph Pedersen
Stoel Rives LLP
900 S.W. 5th Avenue
Suite 2600
Portland, OR 97204

    Attorneys for Defendant

---

[1]The defendant Purina Animal Nutrition, LLC ("Purina") has been dismissed from the case with prejudice. Dkt. #8; *see* Dkt. #10, p. 2 n.2.

1 - FINDINGS AND RECOMMENDATIONS

HUBEL, Magistrate Judge:

The plaintiff Armi B. Sanchez is an "Asian/Pacific Islander." Dkt. #1, ¶ 10. She brings this action against her former employer Land O'Lakes, Inc. for "race discrimination, hostile work environment, and retaliation," under federal and Oregon law. *Id.*, ¶ 1. The case is before the court on Land O'Lakes's motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint for failure to state a claim upon which relief can be granted. Dkt. #9. The motion is fully briefed, and the court heard oral argument on the motion on November 4, 2013. The undersigned submits the following findings and recommended disposition of the motion pursuant to 28 U.S.C. § 636(b)(1)(B).

### ***STANDARDS FOR MOTIONS TO DISMISS***

Chief Judge Aiken of this court explained the standard for the court's consideration of a motion to dismiss in *Gambee v. Cornelius*, No. 10-CV-6265-AA, 2011 WL 1311782 (D. Or. Apr. 1, 2011) (Aiken, C.J.). Judge Aiken observed:

> Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, [556 U.S. 662,

2 - FINDINGS AND RECOMMENDATIONS

>  678,] 129 S. Ct. 1937, 1949[, 173 L. Ed. 2d 868] (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563[, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929] (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Daniels-Hall*, 629 F.3d at 998.

*Id.* at *2.

In reviewing the sufficiency of a Complaint for purposes of a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984). To survive a motion to dismiss for failure to state a claim, the plaintiff is not required to make "detailed factual allegations," but must allege sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

"As a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion." *O'Connell-Babcock v. Multnomah County, Oregon*, No. 08-cv-459-AC, slip op., 2009 WL 1139441 at *4 (D. Or. Apr. 24, 2009) (King, J.) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). However, the Ninth Circuit recognizes an exception to this rule that allows consideration of documents "'whose contents are alleged in a [pleading] and

3 - FINDINGS AND RECOMMENDATIONS

whose authenticity no party questions, but which are not physically attached to the . . . pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Vanguard Prods. Group v. Merchandising Technologies, Inc.*, slip op., 2008 WL 939041, at *3 (D. Or. Apr. 3, 2008) (Brown, J.) (same; quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

    Land O'Lakes has submitted a declaration from Sanchez's supervisor Kay Loehr, with attached exhibits consisting of a weekly memo from Sanchez to Loehr, and an e-mail from Loehr to Land O'Lakes's Human Resources Manager Lisa Kuemper. Dkt. #11, Exs. A & B. According to Land O'Lakes, Sanchez refers to the weekly memo (Dkt. #11-1) in paragraph 15 of her Complaint, where she alleges: "On or around August 24, 2012, Plaintiff complained in writing to Loehr about the hostile work environment created by co-worker, Olivia Bowman. . . . Bowman had yelled at a non-Caucasian co-worker, calling her a 'mixed-breed.'" Dkt. #1, ¶ 15. Sanchez does not address Land O'Lakes's argument in her brief. *See* Dkt. #15. After reviewing Exhibit A to Loehr's Declaration, Dkt. #11-1, the court finds the document is consistent with Sanchez's allegation regarding her written complaint to Loehr. In the absence of any contrary assertion by Sanchez, the court finds the weekly memo is a document of the type contemplated by the Ninth Circuit in crafting the exception discussed by the *Parrino* court, and therefore, the court will

4 - FINDINGS AND RECOMMENDATIONS

consider that document in the context of Land O'Lakes's motion to dismiss.

The e-mail, however, is not mentioned, either specifically or by allusion, in Sanchez's Complaint, and the court declines to consider that evidence in the context of the current motion.

## *BACKGROUND FACTS*

Sanchez worked for Land O'Lakes for somewhere between 23 months and six years.[2] At the time she was terminated at the end of October 2012, Sanchez "was working as a Customer Service Representative/Billing Specialist." *Id.*

Sanchez claims she began experiencing racial discrimination and harassment shortly after she began working for Land O'Lakes. The alleged perpetrator of this treatment was Sanchez's direct supervisor Kay Loehr, who was the Area Customer Service Manager. Sanchez alleges Loehr harassed her about her race "regularly and frequently," and often did so in front of Sanchez's co-workers. *Id.*, ¶¶ 11 & 12. According to Sanchez, Loehr commented "that she (Loehr) had lived in Hawaii and [knew] that 'Filipinos are short.'" *Id.* Sanchez gives several examples of other "racially motivated comments about [Sanchez's] height," *id.*, ¶ 12, as follows:

> Loehr asked [Sanchez] to remove her shoes and stand next to a co-worker so that Loehr

---

[2]Sanchez alleges conflicting dates of her employment with Land O'Lakes. She first indicates she started working for Land O'Lakes in 2006, Dkt. #1, ¶ 4, but later states she began working for Land O'Lakes "on or around November 15, 2010." *Id.*, ¶ 8. Neither of the parties clarified the dates of Sanchez's employment in their briefs on the present motion.

5 - FINDINGS AND RECOMMENDATIONS

>            could compare their heights; Loehr asked [Sanchez] how tall she was; Loehr asked [Sanchez] whether she needed a stool to reach items on shelves; Loehr joked about wanting to hire someone else short to keep [Sanchez] company; and, Loehr said that when she was driving behind [Sanchez], she (Loehr) could not see [Sanchez] over the top of [Sanchez's] seat.

*Id.*, ¶ 11.

On or about August 21, 2012, Sanchez submitted a complaint online about a coworker, Jennifer Chiddix, alleging Chiddix had treated Sanchez "with hostility." *Id.*, ¶ 13. Sanchez informed Loehr that she had made the complaint. According to Sanchez, Loehr called Chiddix and Sanchez into a meeting, where Loehr "criticized [Sanchez] for complaining to Human Resources about Chiddix." *Id.*, ¶ 14.

On or about August 24, 2012, Sanchez submitted a written complaint to Loehr about another coworker, Olivia Bowman. Sanchez claimed she had heard Bowman yell "at a non-Caucasian co-worker, calling her a 'mixed-breed.'" *Id.*, ¶ 15. Five days after Sanchez submitted the complaint about Bowman, Loehr and Lisa Kuemper "placed Sanchez on a performance Improvement Plan ('PIP') for alleged communication and performance problems." *Id.*, ¶ 16. Sanchez claims "[n]o one had ever brought the issues outlined in the PIP to [her] attention prior to this time." *Id.* She claims that earlier in the same month, Loehr had complimented Sanchez "on her job performance, giving her two 'high-fives' and stating that [Sanchez] had done 'such a great job' on her monthly reports." *Id.* In the PIP, "Loehr accused

6 - FINDINGS AND RECOMMENDATIONS

[Sanchez] of being argumentative and combative and included an issue that had occurred two months earlier." *Id.*

Sanchez further claim she "successfully completed the on-line courses and the reports required in the PIP," and her completion of the on-line courses was acknowledged by Loehr. *If.*, ¶ 17. However, Loehr and Kuemper terminated Sanchez on October 30, 2012, stating Sanchez had not fulfilled the items listed in the PIP. *Id.*, ¶ 18.

Sanchez alleges Land O'Lakes "intentionally discriminated against [her] based upon her race by creating a hostile work environment; by holding her to a different standard of performance expectations than her co-workers; and, by eventually terminating [her] employment despite her more than satisfactory performance." *Id.*, ¶ 21. She further claims Land O'Lakes retaliated against her for complaining about race discrimination and hostile work environment. *Id.*, ¶ 29. She claims these actions have caused her "to suffer loss of employment opportunities, loss of income, and loss of employment benefits," as well as "anxiety, depression, emotional pain, suffering, humiliation, inconvenience, mental anguish, sleeplessness and loss of enjoyment of life[.]" *Id.*, ¶¶ 23, 24, 31, 32, 37, 38, 43, 44. Sanchez also claims, under state law, that Land O'Lakes "acted with malice or with reckless indifference toward [Sanchez's] statutorily protected rights, entitling her to punitive damages. *Id.*, ¶¶ 39, 45.

### *DISCUSSION*

#### *A.  First and Third Claims for Relief*

7 - FINDINGS AND RECOMMENDATIONS

Sanchez asserts four claims for relief. In her First Claim for Relief, she alleges race discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* *Id.*, ¶¶ 19-26. In her Third Claim for Relief, she asserts a similar claim under state law. *Id.*, ¶¶ 35-40. "Title VII of the Civil Rights Act of 1964 makes it 'an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993) (quoting 42 U.S.C. § 2000e-2(a)(1)). The Oregon Court of Appeals has explained that because the Oregon statute "was modeled after Title VII, . . . federal cases interpreting Title VII are instructive." *Harris v. Pameco Corp.*, 170 Or. App. 164, 176, 12 P.3d 524, 532 (2000) (citing *Mains v. Morrow, Inc.*, 128 Or. App. 625, 634, 877 P.2d 88, 93 (1994) (noting "Title VII was the basis for ORS 659.030)); *see Henderson v. Jantzen, Inc.*, 79 Or. App. 654, 657, 719 P.2d 1322, 1324 (1986) (holding a plaintiff's burden to establish a *prima facie* case of disparate treatment is subject to the same analysis under both federal and state law). Thus, Sanchez's First and Third Claims for Relief will be considered simultaneously.

In both of those claims, Sanchez commingles a claim for disparate treatment, and a hostile work environment claim. *See* ¶¶ 21, 36. However, as discussed below, disparate treatment claims and hostile work environment claims are subject to different standards.

8 - FINDINGS AND RECOMMENDATIONS

*1. Disparate Treatment*

"Disparate treatment occurs 'where an employer has treated a particular person less favorably than others because of a protected trait.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577, 129 S. Ct. 2658, 2672, 174 L. Ed. 2d 490 (2009) (internal quotation marks and alterations omitted)). The "central element" of a disparate treatment claim is "discriminatory intent." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 624, 127 S. Ct. 2162, 2167, 167 L. Ed. 2d 982 (2007). Thus, a plaintiff alleging disparate treatment "'must establish that the defendant had a discriminatory intent or motive for taking a job-related action.'" *Wood*, 678 F.3d at 1081 (quoting *Ricci*, *supra*). This requires more than showing an employer was aware that its actions might have adverse consequences on the protected person. *See id.*

Here, even if the court assumes *arguendo* that Loehr's alleged statements regarding Sanchez's height were racially-motivated, Sanchez has failed to allege sufficient facts to show that she was treated differently from other similarly-situated employees. The court finds that with regard to Sanchez's disparate treatment claim, she has failed to plead facts that would "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, Land O'Lakes's motion to dismiss Sanchez's disparate treatment claims should be granted, and those claims should be dismissed *without prejudice*.

9 - FINDINGS AND RECOMMENDATIONS

***2. Hostile Work Environment***

To assert a claim for hostile work environment, a plaintiff must allege "the existence of severe or pervasive and unwelcome verbal or physical harassment because of a plaintiff's membership in a protected class." *Sheridan v. Providence Health & Services-Oregon*, slip op., 2011 WL 6887160, at *5 (D. Or. Dec. 29, 2011) (Simon, J.) (citation omitted). Chief Judge Aiken of this court has explained the pleading requirements for a hostile work environment claim as follows:

> To state a claim based on hostile work environment, plaintiff must allege that the offensive conduct regarding a protected class was sufficiently severe or pervasive that it altered the working conditions and created a hostile environment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67[, 106 S. Ct. 2399, 2405, 91 L. Ed. 2d 49] (1986).

*Stell v. Intel Corp.*, 2010 WL 2757555, at *2 (D. Or. July 7, 2010) (Aiken, C.J.).

In the present case, Sanchez alleges Loehr made frequent, racially-motivated comments regarding Sanchez's height, often in front of Sanchez's co-workers. She claims Loehr had her "remove her shoes and stand next to a co-worker so that Loehr could compare their heights"; "joked about wanting to hire someone else short to keep [Sanchez] company"; and stated that when Loehr was driving behind Sanchez, Loehr could not see Sanchez over the driver's seat. *See* Dkt. #1, ¶ 11. Sanchez states these are only examples of Loehr's statements, suggesting she could provide additional examples. Sanchez alleges Loehr's harassment occurred "regularly and frequently," beginning shortly after

10 - FINDINGS AND RECOMMENDATIONS

Sanchez began working for Land O'Lakes, and continuing until Sanchez's termination. *Id.*

At the pleading stage, a plaintiff is required only to allege facts sufficient to put the defendant on notice of the nature of the plaintiff's claim and the grounds upon which it rests. *Williams v. Boeing Co.*, 517 F.3d 1120, 1130 (9th Cir. 2008) (internal quotation marks, citation omitted). Although a jury might conclude Loehr's comments were motivated by something other than Sanchez's race, the court finds Sanchez's allegations are sufficient to survive a motion to dismiss. Accordingly, the undersigned recommends Land O'Lakes's motion to dismiss be granted to the extent they pertain to a claim of disparate treatment, and denied as to Sanchez's First and Third Claims for Relief, to the extent they pertain to a claim of hostile work environment.

### B. *Second and Fourth Claims for Relief*

In Sanchez's Second Claim for Relief, she asserts Land O'Lakes retaliated against her, in violation of Title VII, for engaging in the protected activity of complaining to her superiors about race discrimination and hostile work environment. Dkt. #1, ¶¶ 27-34. In her Fourth Claim for Relief, she asserts a similar claim under Oregon law. *Id.*, ¶¶ 41-46.

To state a claim for retaliation, Sanchez must show that she suffered an adverse employment action as a result of engaging in a protected activity. *See, e.g., Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (same). At the pleading stage, Sanchez need only allege facts that plausibly

11 - FINDINGS AND RECOMMENDATIONS

suggest an entitlement to relief. *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011) (citing *Iqbal*). Making a complaint, formally or informally, to a supervisor about allegedly discriminatory policies or practices constitutes "protected activity" that gives rise to an inference of retaliation, as long as the plaintiff reasonably believed the conduct about which she complained was unlawful. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) (citing *Mayo v. Gomez*, 40 F.3d 982 (9th Cir. 1994)); *Jernigan v. Alderwoods Group, Inc.*, 489 F. Supp. 2d 1180, 1200 (D. Or. 2007) (Marsh, J) (citing *Ray*, 217 F.3d at 1240); *Peterson v. Shinseki*, slip op., 2012 WL 7224282, at *12 (D. Or. Dec. 20, 2012) (Clarke, MJ) (citing *Passantino*, *supra*).

The court finds Sanchez's allegations meet these standards. She has alleged that she made complaints of discrimination to her superiors, and soon thereafter, she was terminated as a result of those complaints. The close proximity between her complaints and her termination raises an inference that her termination was the result of her complaints. *Devi v. Oregon Dept. of Corrections*, slip op., 2013 WL 3479566, at *7 (D. Or. July 9. 2013) (Aiken, CJ) (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2001); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (citation omitted)). Therefore, the undersigned recommends Land O'Lakes's motion to dismiss be denied as to Sanchez's Second and Fourth Claims for Relief.

### CONCLUSION

12 - FINDINGS AND RECOMMENDATIONS

For the reasons discussed above, the undersigned recommends Land O'Lakes's motion to dismiss be denied as to Sanchez's hostile work environment and retaliation claims, and granted as to her disparate treatment claim, dismissing that claim *without prejudice*, and setting a deadline for the filing of any Amended Complaint.

### *SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **November 22, 2013.** If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **December 9, 2013.** By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 4th day of November, 2013.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

13 - FINDINGS AND RECOMMENDATIONS